IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAURA TAYLOR | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-1554-BD |
| | § | |
| BIGELOW MANAGEMENT, | § | |
| INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM ORDER**

Plaintiff Laura Taylor sued her former employer, Defendants Bigelow Management, Inc. and Bigelow Colorado Limited Liability Company d/b/a Budget Suites of America, for pregnancy discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq*. At the conclusion of a five-day trial, the jury found that plaintiff was demoted from General Manager to Assistant General Manager in July 2003 because of her pregnancy and awarded her $2,500 in back pay and $7,500 for emotional pain, suffering, and mental anguish.[1] The jury also found that defendants acted with malice or reckless indifference and awarded plaintiff $240,000 in punitive damages. Defendants now move for judgment as a matter of law on the sole ground that the evidence is legally insufficient to support a finding of malice or reckless indifference. In a separate motion, defendants seek a new trial as to liability, back pay, and punitive damages or, alternatively, a remittitur of the back pay and punitive damages awards. Both motions have been fully briefed by the parties and are ripe for determination.

---

[1] Plaintiff also alleged that she was demoted from Regional Manager to General Manager in June 2003 because of her pregnancy. The jury found in favor of defendants on that issue.

The court initially observes that defendants have waived their right to challenge the award of punitive damages in a Rule 50 motion. Although defendants moved for judgment as a matter of law at the conclusion of plaintiff's case-in-chief, they did so only on the grounds that plaintiff failed to rebut the presumption that her demotion from General Manager to Assistant General Manager was supported by legitimate, non-discriminatory reasons and that she failed to present any evidence of pretext. (*See* Trial Tr. at 217).[2] Defendants never argued that the evidence was legally insufficient to support a finding of malice or reckless indifference. Nor did defendants renew their Rule 50 motion at the close of all the evidence. Therefore, defendants may only challenge the sufficiency of the evidence to support an award of punitive damages in a motion for new trial. *See Flowers v. Regional Physician Services Inc.*, 247 F.3d 229, 238 (5th Cir. 2001) ("If a party fails to move for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) on an issue at the conclusion of all of the evidence, that party waives both its right to file a renewed post-verdict Rule 50(b) motion and also its right to challenge the sufficiency of the evidence on that issue on appeal.").

Fed. R. Civ. P. 59 permits a district court to grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States[.]" *See* FED. R. CIV. P. 59(a). Among the circumstances warranting such relief are where the verdict is against the great weight of the evidence, the damages are excessive, or the trial was unfair. *See Smith v. Transworld Drilling Co.*, 773 F.2d 610, 612-13 (5th Cir. 1985). Here, defendants maintain that the verdict is against the great weight of the evidence with respect to liability, back pay, and punitive damages. The court disagrees. Contrary to defendants' argument, there was sufficient evidence adduced at trial to enable the jury to find that plaintiff was demoted because of her

---

[2] Defendants also moved for judgment as a matter of law on the ground that plaintiff failed to prove she was demoted from Regional Manager to General Manager in June 2003 because of her pregnancy. (*See* Trial Tr. at 217). Even if the court were to consider that argument in connection with plaintiff's demotion from General Manager to Assistant General Manager in July 2003, defendants still waived their right to seek Rule 50 relief with respect to punitive damages.

pregnancy. Although Rick Clouse, Senior Vice-President of Bigelow Management, testified that plaintiff was demoted from General Manager to Assistant General Manager because other employees complained about her management style, the evidence shows that defendants did not complete their investigation into those complaints until *after* plaintiff was demoted in July 2003. In addition, occupancy rates and audit scores at the properties managed by plaintiff all were within an acceptable range. The court also notes evidence of highly inappropriate remarks made by Clouse when he learned that plaintiff was pregnant. According to plaintiff, Clouse responded to news of her pregnancy by stating "I didn't do it" and "it isn't mine." Another witness, Peggy Bradshaw-Tobin, testified that Clouse told her that women could not perform plaintiff's job because they require too much time off due to pregnancy and child-rearing. From this evidence, a reasonable jury could conclude that the legitimate, non-discriminatory reasons offered by defendants for demoting plaintiff were false. *See Golson v. Green Tree Financial Servicing Corp.*, 26 Fed.Appx. 209, 211, 2002 WL 27104 (4th Cir. Jan. 10, 2002) (evidence that plaintiff was adequately performing her job at the time of discharge and that non-discriminatory reasons offered by defendant were not credible supported a finding of discrimination).

The evidence also is sufficient to support a back pay award of $2,500. "'Back pay' commonly refers to the wages and other benefits that an employee would have earned if the unlawful event that affected the employee's job related compensation had not occurred." *Rutherford v. Harris County*, 197 F.3d 173, 191 (5th Cir. 1999), *quoting Patterson v. P.H.P. Healthcare Corp.*, 90 F.3d 927, 936 n.8 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 767 (1997). Like all damages, the amount of back pay need not be proven with mathematical precision. "All that the law requires is that the best evidence of which a case is susceptible be produced, and if from such evidence the amount of damages caused by the defendant can be inferred or estimated by the jury with reasonable certainty,

then the amount of such damages is for the jury." *United States ex rel. Wallace v. Flintco, Inc.*, 143 F.3d 955, 965 (5th Cir. 1998).  At trial, plaintiff testified that she earned $5,000 per year more as a General Manager than as an Assistant General Manager, with a potential to earn salary bonuses. Plaintiff worked as an Assistant General Manager from July 1, 2003 until she took maternity leave in September 2003.  The court cannot say that a back pay award of $2,500, which includes at least $1,250 in lost salary for this three-month period, is against the great weight of the evidence.

The court reaches a different conclusion with respect the $240,000 in punitive damages awarded by the jury.  In order to recover punitive damages in a pregnancy discrimination case under Title VII, an employee must demonstrate that the employer "engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1).  This, in turn, requires proof that the employer "discriminate[d] in the face of a perceived risk that its actions [would] violate federal law." *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 535, 119 S.Ct. 2118, 2124, 144 L.Ed.2d 494 (1999).  Here, the jury could reasonably infer that defendants, who operate a chain of extended stay hotels in three states and employ in-house attorneys to handle a variety of legal issues, including complaints of discrimination in the workplace, knew that discriminating against pregnant female employees violated federal law.  This evidence supports an award of punitive damages.

However, the amount of any punitive damage award must be judged against the three "guideposts" outlined by the Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996):

      1.    the degree of the defendant's reprehensibility or culpability;

> 2. the disparity between the harm or potential harm suffered by the victim and the punitive damages award; and
>
> 3. the sanctions authorized or imposed in other cases for comparable misconduct.

*Gore*, 116 S.Ct. at 1599. Such a review ensures that an award of punitive damages is based upon an "application of the law, rather than a decisionmaker's caprice," and comports with the requirements of due process. *State Farm Mutual Automobile Ins. Co. v. Campbell*, 538 U.S. 408, 418, 123 S.Ct. 1513, 1520-21, 155 L.Ed.2d 585 (2003), *quoting Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 436, 121 S.Ct. 1678, 1685, 149 L.Ed.2d 674 (2001); *see also Lincoln v. Case*, 340 F.3d 283, 292 (5th Cir. 2003).

Analysis of the *Gore* factors compels the conclusion that the amount of punitive damages awarded by the jury is excessive. With respect to the degree of reprehensibility, courts have noted that:

> Conduct involving violence or threats of violence is obviously more shocking than that which causes only economic harm. Similarly, trickery and deceit are more deserving of sanction than mere negligence. And a wrong that is part of a larger pattern of misconduct is more blameworthy than a single, isolated malfeasance. [Finally,] taking advantage of someone who is relatively unsophisticated or financially vulnerable is particularly deserving of rebuke.

*Watson v. Johnson Mobile Homes*, 284 F.3d 568, 572 (5th Cir. 2002), *citing Gore*, 116 S.Ct. at 1599-1600. This case involves only one discrete act of unlawful discrimination that caused minor economic injury – demoting plaintiff from General Manager to Assistant General Manager in July 2003. There is no evidence of violence, threats of violence, trickery, or deceit. Nor was plaintiff, a relatively sophisticated individual with a college degree and several years of management experience, financially vulnerable. While defendants' conduct was reprehensible, it was not

extremely so.[3]

The second factor to consider is whether the amount of punitive damages bears a reasonable relationship to compensatory damages. Although no bright-line exists, "in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." *Campbell*, 123 S.Ct. at 1524. The purpose of a ratio is to give the court "an idea whether the size of the award is suspect." *Watson*, 284 F.3d at 573. In this case, the 24:1 ratio of punitive damages to compensatory damages is so disproportionate as to "raise a suspicious judicial eyebrow." *Rubinstein v. Administrator of Tulane University Educational Fund*, 218 F.3d 392, 408 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1393 (2001), *quoting TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 481, 113 S.Ct. 2711, 2732, 125 L.Ed.2d 366 (1993) (O'Connor, J., dissenting).

The final *Gore* factor requires a review of punitive damages awards in other cases involving comparable misconduct. Neither party has conducted such a review in their post-trial submissions. However, the Fifth Circuit has observed that a punitive damages award of $100,000 under section 1981 "is on the high-end for cases of this type in our circuit." *Deffenbaugh-Williams v. Wal-Mart*, 156 F.3d 581, 598 (5th Cir. 1998), *reh'g en banc granted*, 169 F.3d 215 (5th Cir.), *panel op. reinstated in relevant part*, 182 F.3d 333 (5th Cir. 1999); *see also Patterson*, 90 F.3d at 943 (noting that "the largest punitive damage award under § 1981 in this circuit, of which we are aware to date, is $50,000").[4]

---

[3] Defendants argue that their conduct was not reprehensible at all. However, "courts have found intentional discrimination to be reprehensible under *Gore*'s first guidepost." *Lincoln*, 340 F.3d at 293, *quoting Bogle v. McClure*, 332 F.3d 1347 (11th Cir. 2003); *see also Rubinstein v. Administrators of Tulane Educational Fund*, 218 F.3d 392, 408 (5th Cir. 2000), *cert. denied*, 121 S.Ct. 1393 (2001).

[4] Section 1981a caps the amount of damages in a Title VII case according to the number of persons employed by a defendant in each of 20 or more calendar weeks in the current or preceding calendar year. The statutory damage cap ranges from $50,000 for a defendant who has more than 14 but less than 101 employees, to $300,000 for a defendant who has more than 500 employees. *See* 42 U.S.C. § 1981a(b)(3). Because neither party introduced evidence regarding

Having carefully considered each of the *Gore* guideposts in light of the evidence presented at trial, the court is persuaded that the $240,000 in punitive damages awarded by the jury is excessive and must be remitted. "To determine the size of the remittitur, we follow the 'maximum recovery rule,' reducing the damages to the maximum amount a reasonable jury could have awarded." *Giles v. General Electric Co.*, 245 F.3d 474, 488-89 (5th Cir. 2001) (citations omitted). This process necessarily involves a subjective component, as the "reassessment of damages cannot be supported entirely by rational analysis[.]" *Id.*; *accord Deffenbaugh-Williams*, 156 F.3d at 597. On the facts of this case, the court determines that the amount of punitive damages should be remitted to $50,000. This 5:1 ratio is more in line with applicable Fifth Circuit authority and, when considered as an absolute amount as opposed to a comparative ratio, a $50,000 punitive damages award is more reasonable and appropriate given the wrong committed. *Rubinstein*, 218 F.3d at 409; *see also Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1, 23-24, 111 S.Ct. 1032, 1043, 113 L.Ed.2d 1 (1991) (holding that 4:1 ratio of punitive damages to compensatory damages might be "close to the line," but does not "cross the line into the area of constitutional impropriety").

## CONCLUSION

For these reasons, defendants' renewed motion for judgment as a matter of law [Doc. #52] is denied. Defendants' motion for new trial or, in the alternative, for a remittitur of back pay and punitive damages [Doc. #53] is granted in part and denied in part. The court determines that the $240,000 in punitive damages awarded by the jury should be remitted to $50,000. Unless plaintiff accepts that remittitur, the court will grant a new trial solely on the issue of punitive damages. In all other respects, defendants' motion is denied.

---

the number of persons employed by defendants, this statute does not assist the court in its analysis.

Plaintiff shall respond in writing to the offer of remittitur by **March 8, 2006.**

SO ORDERED.

DATED:  February 22, 2006.

*[signature]*
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE