IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAURA TAYLOR | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-04-CV-1554-BD |
| | § | |
| BIGELOW MANAGEMENT, | § | |
| INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Plaintiff Laura Taylor, by and through her counsel of record, has filed an application for

$52,722.25 in attorney's fees as the prevailing party in this pregnancy discrimination case brought

under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e, *et seq.*

Defendant objects to the application to the extent plaintiff seeks attorney's fees for a portion of the

time spent and services performed by Dell James, a lawyer who was only minimally involved in the

case.   The issues have been fully briefed by the parties and the fee application is ripe for

determination.

To determine the amount of reasonable attorney's fees, the court calculates the "lodestar fee"

by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly

billing rate.  *See Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40

(1983); *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir.), *cert. denied*, 116

S.Ct. 173 (1995).  The lodestar may be adjusted upward or downward depending upon the particular

circumstances of the case.  *See Shipes v. Trinity Industries*, 987 F.2d 311, 319-20 (5th Cir.), *cert.*

*denied*, 114 S.Ct. 548 (1993).  The party seeking attorney's fees is required to document the time

spent and services performed. *Hensley*, 103 S.Ct. at 1941; *Cooper v. Pentecost*, 77 F.3d 829, 832 (5th Cir. 1996).   The court must review the records and exclude all time that is excessive, duplicative, or inadequately documented. *Hensley*, 103 S.Ct. at 1939; *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990).

Defendant does not contest 155.75 hours spent by Christopher Caifero, Robert Ranen and their legal assistant, at rates ranging from $90.00 to $225.00 per hour, for a total of $32,627.25. However, defendant objects that a portion of the 55.10 hours spent by Dell James, calculated at the rate of $350.00 per hour, are duplicative and unreasonable. The court agrees that plaintiff has failed to establish that 39.60 hours spent by James in preparing for and attending mediation, preparing for and attending trial, and reviewing and drafting post-judgment motions are duplicative of services performed by other attorneys.  However, James also spent 15.50 hours communicating with the client and reviewing written discovery, summary judgment pleadings, and the trial transcript. None of this time is duplicative. Still, plaintiff has failed to present any evidence justifying an hourly rate of $350.00.  The court therefore allows 15.50 hours of compensable work performed by James calculated at the rate of $225.00 per hour--the same rate charged by Caifero and Ranen, the other attorneys who worked on the case. No further adjustments to the lodestar are warranted.

For these reasons, plaintiff's application for attorney's fees [Doc. #69] is granted as modified. Defendant is hereby ordered to pay $36,114.75 in attorney's fees to plaintiff, calculated as follows:

| Christopher Caifero | 99.25 hours | x $225.00 = | $22,331.25 |
| Robert Ranen | 38.60 hours | x $225.00 = | $ 8,685.00 |
| Dell James | 15.50 hours | x $225.00 = | $ 3,487.50 |
| B. Rebecek | 17.90 hours | x $ 90.00 = | $ 1,611.00 |
| | | **Total:** | **$36,114.75** |

SO ORDERED.

DATE:  May 31, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE